```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
OBATAIYE MASSEY,

                Plaintiff,
                                        MEMORANDUM AND ORDER
        -against-                       18-CV-0089(JS)(SIL)

SUFFOLK COUNTY; PEOPLE OF SUFFOLK
COUNTY; SUFFOLK COUNTY COURT;
SHERIFF DEPUTY, Badge #533;
VINCENT F. DEMARCO, Sheriff; and
SGT. GREGORY OCONNELL, Badge #5221,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Obataiye Massey, pro se
                    593749
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, NY 11901

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On January 5, 2018, incarcerated pro se plaintiff Obataiye Massey ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 against Suffolk County, the People of Suffolk County ("People"), the Suffolk County Court ("County Court"), an unnamed Sheriff Deputy identified as Badge # 533 ("Deputy #533"), then-Suffolk County Sheriff Vincent F. DeMarco ("DeMarco"), and Corrections Sheriff Sgt. Gregory OConnell, Badge #5221 ("Sgt. OConnell" and collectively, "Defendants"). Accompanying the Complaint was an application to proceed in forma pauperis. (See Docket Entry 2.) However, Plaintiff did not file

the required Prisoner Litigation Authorization form ("PLRA") at the time he filed the Complaint. Accordingly, by Notice of Deficiency dated January 8, 2018, (see Docket Entry 6), Plaintiff was instructed to complete and return the enclosed PLRA in order for the case to proceed. On January 16, 2018 Plaintiff filed the PLRA. (See Docket Entry 7.) In addition, on January 23, 2018, Plaintiff filed another PLRA, (see Docket Entry 9), and on February 15, 2018, Plaintiff filed another application to proceed in forma pauperis, (see Docket Entry 14), together with another PLRA (see Docket Entry 15). On May 21, 2018, Plaintiff filed an application for the appointment of pro bono counsel to represent him in this case. (See Docket Entry 21.)

Upon review of the declarations in support of the applications to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's requests to proceed in forma pauperis are GRANTED. However, for the reasons that follow, the Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(i). Given the dismissal of the Complaint, the application for the appointment of pro bono counsel to represent him in this case is DENIED.

## THE COMPLAINT[1]

Plaintiff's sparse Complaint is submitted on the Court's Section 1983 Complaint form and seeks "relief of Indictment #I-2065-17 as Indictment is defective Motion 210.17." (Compl. ¶ V.) However, the facts alleged in the Complaint relate solely to a ride Plaintiff took in a "Suffolk County transport van[ ] from Riverhead Court to Central Islip Courts." (Compl. ¶ IV.) In its entirety, the Statement of Claim alleges that:

> On the date of December 7, 2017 aprx 9:30 AM to 1:30 pm on Van 590 Suffolk County transport vans from Riverhead Court to Central Islip Courts, Officer Deputy Bade #533 physically forced me in dog kennel van while shackled ignoring my request of medical conditions, chlorstrophobic, p.t.s.d. Anxiety, depression which I take a series of medications for. Upon riding against my will & medical condition Van #590 was almost involved in a motor vehicle accident, forcing every detainee in Back of Dog kennel van (Patty Wagon) to be thrown around violently without restraints in these transport vans. My head was slammed against the Back wall causing me to Nearly lose conscience, as another inmate fell on my left ankle causing it to swell & bruise. I have a knot on my Head with Constant Head aches. All Grievances & Medical slips have vent void. These vans are a Death trap, there is No Emergency Exits, No seat Belts are Restraints & One Exit, that's the only two Back doors of these vans, known as Dog Kennels. (Patty Wagons)

---

[1] All material allegations in the Complaint are presumed to be true for the purpose of this Memorandum and Order. Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true). Excerpts from the Complaint as reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

(Compl. ¶ IV.)  In the space on the form complaint that calls for a description of any injuries suffered and what medical treatment, if any was required and/or provided, Plaintiff alleges:

> I Received inJuries, on my left ankle & a Huge Knot on the side of my Head from slamming into the side of the wall in Back of these transport vans known as Dog Kennels Van 590.  I now have constent head aches, and my left ankle is severly injured  From a Heavy size inmate weighing nearly 275-300 pound Falling on my Ankle.  Grievances and medical slips at Suffolk County Correctional Facility Have went Unheard.  I have written 5 Grievances & Have Been Disciplinary written up & locked in my cell By Sgt. Gregory OConnel for Refusing to go to Court & Ride in those vans. Death traps.  Sgnt Gregory OConnel Have Written me up Bade #5221 on the Date of 12-21-17 - 9:00 AM For Refusing to go to Court in the transport vans.  $25.00 ticket is Pending.  Sgt. Badge 5221 Gregory OConnell.

(Compl. ¶ IV.A.)  For relief, Plaintiff seeks "[r]elief of Indictment #I-2065-17 as Indictment is defective Motion 210.17." (Compl. ¶ V.)

## DISCUSSION

I.  In Forma Pauperis Application

Upon review of Plaintiff's declarations in support of his applications to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's requests to proceed in forma pauperis are GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required,

5

"[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 361, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

A. Claims Against Sheriff DeMarco

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged

6

constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676, 129 S. Ct. at 1948. Thus, a "plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity" must sufficiently plead that the "supervisor was personally involved in the alleged constitutional deprivation." Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, Plaintiff's brief Complaint does not include any factual allegations sufficient to demonstrate personal involvement by Sheriff DeMarco regarding the events alleged in the Complaint. Thus, it appears that Plaintiff seeks to impose liability against Sheriff DeMarco solely based on the supervisory position he held. Wholly absent, however, are any allegations sufficient to establish any personal involvement by this Defendant in the unlawful conduct of which Plaintiff complains. A supervisor cannot be liable for damage under Section 1983 solely by virtue of

being a supervisor because there is no respondeat superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003). Accordingly, Plaintiff's claims against Sheriff DeMarco are not plausible and are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

B. Claims Against Suffolk County

It is well-established that a municipality such as Suffolk County cannot be held liable under § 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-691 (internal citation omitted).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, see Connick, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights, see Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 131 S. Ct. at 1359; see also Green v. City of N.Y., 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," Patterson v. Cty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (internal quotation marks and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates." Cash, 654 F.3d at 334 (internal quotation marks and citations omitted); see also Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (A municipal custom may be found when "'faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions.'" (quoting

9

Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007) (second alteration in original)).

Here, even affording the pro se Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Suffolk County. Indeed, Plaintiff describes a single incident on December 17, 2017, during which he claims that the van in which he was riding "was almost involved in a motor vehicle accident" and caused him and others in the van to "be thrown around violently." (Compl. ¶ IV.) It is well-established that "[a] single incident in a complaint . . . does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted). Accordingly, Plaintiff's Section 1983 claims against Suffolk County are not plausible and are thus DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

C. Claims Against the People and the County Court

Plaintiff also seeks to impose Section 1983 liability against the People and the County Court. However, as noted above (see supra at 6), "Section 1983 creates a private right of action against 'persons' who, acting 'under color of [law],' violate a plaintiff's constitutional rights." Tanvir v. Tanzin, 889 F.3d 72, 84 (2d Cir. 2018). Because neither the People or the

County Court are "persons" within the meaning of Section 1983, Plaintiff's claims against them are implausible and are thus DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

D. Claims Against Deputy #533 and Sgt. OConnell

Plaintiff alleges that Deputy #533 "physically forced me in dog kennel van while shackled . . .", (Compl. IV), and that Sgt. OConnell disciplined Plaintiff by "writ[ing] [him] up & lock[ing] [him] in [his] cell . . . for refusing to go to Court & ride in those vans" (Compl. ¶ IV.A). Assuming that these thin allegations somehow demonstrate the deprivation of some constitutional right by these Defendants, Plaintiff does not seek any relief against them. Indeed, the only relief sought by Plaintiff is the dismissal of the indictment against him, and, thus, his release from custody. (Compl. ¶ V.) Such relief is not available in a Section 1983 action. See, e.g., Keyes v. Juul, 270 F. Supp. 2d 327, 330 (E.D.N.Y. 2003) ("[I]nsofar as plaintiff seeks release from custody, he can do so only on a properly submitted petition seeking a writ of habeas corpus, not in a Section 1983 action."); see generally Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) (holding that habeas relief is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier

11

release from custody). Accordingly, given that Plaintiff seeks only the dismissal of the indictment against him, his Section 1983 claims against Deputy #533 and Sgt. OConnell are implausible and are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

IV. Leave to Amend

For the reasons set forth above, Plaintiff's Complaint--even under the very liberal reading we accord pro se pleadings--fails to allege a plausible claim against any Defendant. In an abundance of caution and given Plaintiff's pro se status, the Court GRANTS LEAVE TO FILE AN AMENDED COMPLAINT WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS MEMORANDUM AND ORDER. Any Amended Complaint shall be clearly labeled "Amended Complaint" and bear Docket Number 18-CV-0089(JS)(SIL). Plaintiff is advised that because an Amended Complaint completely replaces the original Complaint, all claims Plaintiff seeks to pursue against any Defendant(s) must be included in the Amended Complaint. If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter without further notice.

CONCLUSION

For the reasons set forth above, Plaintiff's applications to proceed in forma pauperis, (Docket Entries 2 and 14), are GRANTED, however the claims against the People and the

12

County Court are sua sponte DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff's claims against Suffolk County, Sheriff DeMarco, Deputy Badge #533, and Sgt. OConnell are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Given the dismissal of the Complaint, Plaintiff's application for the appointment of pro bono counsel to represent him in this case, (Docket Entry 21), is DENIED.

Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT IN ACCORDANCE WITH THIS MEMORANDUM AND ORDER WITHIN THIRTY (30) DAYS FROM THE DATE AT THE BOTTOM OF THIS PAGE. If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter without further notice.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: June  6 , 2018
       Central Islip, New York